# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Steven M. Larimore**
Court Administrator • Clerk of Court

301 North Miami Avenue
Miami, Florida 33128-7788
(305) 523-5100

January 24, 2008

United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

08CR14

# FILED
1-28-08
JAN 2 8 2008 CM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case:   United States vs. Donald Kasky
Case No. 96 cr 6021 DLG

Dear Sir:

Pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer/supervised releasee has been transferred to your court. In compliance with the Transfer of Jurisdiction the following items are being forwarded herewith:

- (1) certified copy of PROB 22 Transfer of Jurisdiction
- (1) certified copy of the Indictment
- (1) certified copy of the J&C
- (1) certified copy of the docket sheet

Please acknowledge receipt of the above on the enclosed copy of this letter.

STEVEN M. LARIMORE,
Court Administrator•Clerk of Court

by: _Tammy Blakely_
    Tammy Blakely, Deputy Clerk

Encl.

*It is our honor and duty to provide the support necessary to enable the Court as an institution to fulfill its constitutional, statutory, and societal responsibilities for all who seek Justice."*

JUDGE CASTILLO    MAGISTRATE JUDGE BROWN

**08CR 0014**

| PROB 22 | | DOCKET NUMBER(Tran.Ct) |
| --- | --- | --- |
| **TRANSFER OF JURISDICTION** | | 096-6021-CR-GRAHAM(03) |
| | | DOCKET NUMBER(Rec.Ct) |

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

By _Tammy Blakes_
Deputy Clerk

Date _1/24/2008_

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT SD/FL | DIVISION MIAMI |
| --- | --- | --- |
| DONALD KASKY | NAME OF SENTENCING JUDGE DONALD L. GRAHAM | |
| SD/FL PACTS No. 45617 | DATES OF PROBATION SUPERVISED RELEASE | FROM 10/05/07 | TO 10/04/12 |

OFFENSE

**CONSPIRACY TO IMPORT COCAINE, 21, US CODE, § 963**

**RECEIVED**

JAN 0 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Northern District of Illinois, Chicago upon the court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_11/6/2007_
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, CHICAGO

**IT IS HEREBY ORDERED** that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN - 8 2008          JAN 1 7 2008          _James F. Holderman_
Effective Date          Date          United States District Judge



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**                                                       312-435-5698

**January 17, 2008**

Mr. Steven Larimore
Clerk/Court Administrator
United States District Court
321 C. Clyde Atkins
United States Courthouse
301 North Miami Avenue
Miami, FL 33128

Dear Clerk:

**Re: 096-6021-CR-Graham(03) - USA v. Donald Kasky - Judge Donald L. Graham**

Our Case Number:   08 CR 14 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted
and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with  the enclosed copy
of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly
appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:        Marsha E. Glenn
           Deputy Clerk

Enclosure

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:96-cr-06021-JAL-3

Case title: USA v. Gonzalez, et al          Date Filed: 02/15/1996

Assigned to: Judge Joan A. Lenard

## Defendant

**Donald Kasky** (3)                    represented by **Ruben Maurice Garcia**
*DOB 7/20/48 PRISONER*                    1209 SE 3rd Avenue
*NUMBER 40615-004*                        Fort Lauderdale, FL 33316-
*TERMINATED: 11/19/1996*                  1905
                                          954-462-4600
                                          Fax: 462-0828
                                          *TERMINATED: 11/19/1996*
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE*
                                          *NOTICED*
                                          *Designation: CJA*
                                          *Appointment*

## Pending Counts

21:963=NI.F CONSPIRACY
TO IMPORT SCHEDULE I
(MARIJUANA) and
SCHEDULE II (COCAINE)
(2)

## Disposition

Imprisonment (160) one
hundred sixty months, (5)
five years supervised release

## Highest Offense Level
## (Opening)

Felony



| Terminated Counts | Disposition |
|---|---|
| 21:846=ND.F CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE SCHEDULE I (MARIJUANA) and SCHEDULE II (COCAINE) (3) | dismissed |
| 21:952=NI.F IMPORT SCHEDULE II (COCAINE) (4) | dismissed |
| 21:841A=ND.F POSSESSION WITH INTENT TO DISTRIBUTE SCHEDULE II (COCAINE) (5) | dismissed |
| 18:1510.F OBSTRUCTION OF CRIMINAL INVESTIGATIONS (7) | dismissed |
| 21:853.F CRIMINAL FORFEITURES (29) | dismissed |

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|
| None | |

## Plaintiff

**USA**                            represented by **Roger Powell**
United States Attorney's Office

500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-
3002
954-356-7255X3592
Fax: 356-7336
Email:
roger.powell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Powell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Bono*

**William H. Beckerleg, Jr.**
United States Attorney's Office

500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-
3002
954-356-7314X3614
Fax: 356-7180
Email:
william.h.beckerleg@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Bono*

| **Date** | | |
| --- | --- | --- |

| Filed | # | Docket Text |
|-------|---|-------------|
| 11/02/1999 | | Magistrate identification: Magistrate Judge Ted E. Bandstra (nc, Deputy Clerk) (Entered: 11/08/1999) |
| 11/02/1999 | | Record on appeal returned from U.S. Court of Appeals: (Miami/Records) Consisting of (5) Volumes of Pleadings and (1) Accordion Folder [318-1] appeal by Donald Kasky USCA #: 99-10715-B (nc, Deputy Clerk) (Entered: 11/08/1999) |
| 11/02/1999 | 327 | ORDER of dismissal from USCA (certified copy) by Donald Kasky dismissing [318-1] appeal pursuant to appellant's motion for a certificate of appealability denied because appellant has failed to make a substantial showing of the denial of a consitutional right USCA #: 99-10715-B USCA Order Date: 10/28/99 (nc, Deputy Clerk) (Entered: 11/08/1999) |
| 10/25/1999 | | ACKNOWLEDGMENT of receipt by U.S.C.A. of: ORIGINAL PAPERS on 10/12/99 U.S.C.A. # 99-10715-B (sn, Deputy Clerk) (Entered: 10/26/1999) |
| 10/06/1999 | | REQUEST from U.S.C.A. dated: 9/28/99 Re: Original Papers Complied with on: 10/6/99 U.S.C.A. # 99-10715-B; Consisting of (5) Volumes of Pleadings and (1) Expansion Folder containing (2) Transcripts (nc, Deputy Clerk) (Entered: 10/06/1999) |
| 09/20/1999 | 326 | TRANSCRIPT filed as to Donald Kasky of Sentencing Proceedings held 11/12/96 before Judge Donald L. Graham Pages: 1-14 re: [318-1] appeal. (sn, Deputy Clerk) (Entered: 09/20/1999) |
| 09/20/1999 | 325 | TRANSCRIPT filed as to Donald Kasky of Plea Colloquy held 6/28/96 before Judge Donald L. Graham Pages: 1-16 re: [318-1] appeal. (sn, Deputy Clerk) (Entered: 09/20/1999) |
| 08/27/1999 | 324 | ORDER as to Donald Kasky granting [320-1] motion to proceed in forma pauperis as to Donald Kasky (3), |

| | | granting [322-1] motion to proceed in forma pauperis on appeal as to Donald Kasky (3) (Signed by Judge Joan A. Lenard on 8/27/99) CCAP [EOD Date: 8/31/99] CCAP (sn, Deputy Clerk) (Entered: 08/31/1999) |
|---|---|---|
| 06/11/1999 | 323 | Appeal Information Sheet as to Donald Kasky re: [318-1] appeal. Transcript of Sentence 10/15/96 & 10/31/96 requested. Forwarded to Court Reporter Coordinator. (sn, Deputy Clerk) (Entered: 07/06/1999) |
| 06/09/1999 | | JURISDICTIONAL QUESTION(S) as to Donald Kasky Re: [318-1] appeal USCA NUMBER: 99-10715-B (nc, Deputy Clerk) (Entered: 06/10/1999) |
| 06/04/1999 | | APPEAL INFORMATION SHEET re: [318-1] appeal; Transcript ordered. No financial arrangements made with Court Reporter. (sn, Deputy Clerk) (Entered: 06/23/1999) |
| 05/21/1999 | 321 | TRANSCRIPT INFORMATION FORM as to Donald Kasky re: [318-1] appeal received. (Forwarded to Court Reporter Coordinator) Pre-Trial Proceedings/Guilty Plea on 6/28/96; Sentence on 11/07/96 & 11/12/96; and Judgement 11/19/96 ordered (sn, Deputy Clerk) (Entered: 05/26/1999) |
| 05/19/1999 | 320 | MOTION by Donald Kasky to proceed in forma pauperis (Former Deputy Clerk) (Entered: 05/20/1999) |
| 05/17/1999 | 322 | MOTION by Donald Kasky to proceed in forma pauperis on appeal with Financial Affidavit attached (nc, Deputy Clerk) (Entered: 06/10/1999) |
| 05/13/1999 | | JURISDICTIONAL QUESTION(S) as to Donald Kasky Re: [318-1] appeal USCA NUMBER: 99-10715-B (nc, Deputy Clerk) (Entered: 05/14/1999) |
| 05/07/1999 | | NOTICE of Receipt of (NOA) Transmittal Letter from USCA as to Donald Kasky Re: [318-1] appeal USCA Number: 99-10715-B (nc, Deputy Clerk) (Entered: |

| | | 05/07/1999) |
|---|---|---|
| 04/15/1999 | 319 | ORDER as to Donald Kasky Denying Certificate of Appealability ( Signed by Judge Joan A. Lenard on 04/15/99) CCAP (Former Deputy Clerk) (Entered: 04/21/1999) |
| 04/12/1999 | 318 | NOTICE OF APPEAL by Donald Kasky re: [317-1] order . EOD Date: 03/26/99; Donald Kasky (3) count (s) 2; Filing Fee: $ Fee Not Paid; Copies to USCA, AUSA, USM, USPO and Counsel of Record. (Former Deputy Clerk) (Entered: 04/21/1999) |
| 03/25/1999 | 317 | ORDER as to Donald Kasky denying [316-1] motion for re-sentence, pursuant to U.S.S.G. 5K1.1/Rule 35 as to Donald Kasky (3) (Signed by Judge Joan A. Lenard on 3/25/99) CCAP (Former Deputy Clerk) (Entered: 03/26/1999) |
| 03/24/1999 | 316 | MOTION by Donald Kasky for re-sentence, pursuant to U.S.S.G. 5K1.1/Rule 35 (Former Deputy Clerk) (Entered: 03/26/1999) |
| 10/30/1998 | | CASE reassigned to Judge Joan A. Lenard (dg, Deputy Clerk) (Entered: 10/30/1998) |
| 09/04/1998 | 311 | ORDER as to Donald Kasky denying [304-1] motion for transcripts as to Donald Kasky (3) (Signed by Magistrate Judge Charlene H. Sorrentino on 9/4/98) CCAP (Former Deputy Clerk) (Entered: 09/09/1998) |
| 09/01/1998 | | CASE Reassigned to Judge Donald L. Graham (mh, Deputy Clerk) (Entered: 09/08/1998) |
| 09/01/1998 | 310 | ORDER as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez transferring case to Judge Donald L. Graham (Signed by Judge William J. Zloch on 9/1/98) CCAP (mh, Deputy Clerk) (Entered: 09/08/1998) |
| 07/31/1998 | 307 | ORDER referring Motion(s) to Magistrate Judge |

| | | Charlene H. Sorrentino as to Donald Kasky : [304-1] motion for transcripts as to Donald Kasky (3) (Signed by Judge Shelby Highsmith on 4/31/95) CCAP (cp, Deputy Clerk) (Entered: 08/10/1998) |
|---|---|---|
| 07/06/1998 | 304 | MOTION by Donald Kasky for transcripts (dg, Deputy Clerk) (Entered: 07/09/1998) |
| 06/24/1998 | 301 | NOTICE of Lis Pendens by Attorney Dianne S. Tronolone for Chase Mortgage Services, Inc. (Former Deputy Clerk) (Entered: 06/29/1998) |
| 04/02/1998 | 299 | ORDER as to Donald Kasky denying [296-1] motion for evidentiary hearing based on USA's refusal to file Rule 35 motion as to Donald Kasky (3) ( Signed by Judge Donald L. Graham on 4/1/98) CCAP (dg, Deputy Clerk) (Entered: 04/07/1998) |
| 03/18/1998 | 298 | RESPONSE by USA as to Donald Kasky re [296-1] motion for evidentiary hearing based on USA's refusal to file Rule 35 motion (dg, Deputy Clerk) (Entered: 03/26/1998) |
| 02/27/1998 | 296 | MOTION by Donald Kasky for evidentiary hearing based on USA's refusal to file Rule 35 motion (dg, Deputy Clerk) (Entered: 03/02/1998) |
| 10/29/1997 | 285 | CJA 20 as to Donald Kasky Authorization to Pay Ruben Garcia $ 5,096.03 Voucher # 0619260 ( Signed by Judge Donald L. Graham on 1/9/97) (dg, Deputy Clerk) (Entered: 10/30/1997) |
| 07/23/1997 | | Magistrate identification: Magistrate Judge Ted E. Bandstra (Former Deputy Clerk) (Entered: 07/31/1997) |
| 07/18/1997 | 273 | Proof of publication from the: Miami Daily Business Review dated: 7/3/97. Response deadline is 7/2/97 (Former Deputy Clerk) (Entered: 07/24/1997) |
| 07/18/1997 | 272 | Proof of publication from the: Broward Daily Business Review dated: 7/7/97. Response deadline is 8/6/97 |

| | | |
|---|---|---|
| | | (Former Deputy Clerk) (Entered: 07/24/1997) |
| 07/18/1997 | 271 | Proof of publication from the: Miami Daily Business Review dated: 7/3/97. Response deadline is 8/2/97 (Former Deputy Clerk) (Entered: 07/24/1997) |
| 07/18/1997 | 270 | Proof of publication from the: Broward Daily Business Review dated: 7/7/97. Response deadline is 7/27/97 (Former Deputy Clerk) (Entered: 07/24/1997) |
| 06/12/1997 | 262 | Proof of publication from the: Broward Daily Business Review dated: 5/27/97 . Response deadline is (dg, Deputy Clerk) (Entered: 06/25/1997) |
| 05/29/1997 | 252 | Court Exhibits (Former Deputy Clerk) (Entered: 06/02/1997) |
| 12/24/1996 | | CASE reassigned to Judge Joan A. Lenard (tb, Deputy Clerk) (Entered: 12/27/1996) |
| 11/19/1996 | 145 | JUDGMENT as to Donald Kasky (3) count(s) 2. Imprisonment (160) one hundred sixty months, (5) five years supervised release, count(s) 3 , 4 , 5 , 7 , 29 . dismissed; $50.00 assessment ( Signed by Judge Donald L. Graham on 11/19/96) CCAP/M (sl, Deputy Clerk) (Entered: 11/21/1996) |
| 11/12/1996 | | Sentencing held Donald Kasky (3) count(s) 2 (sl, Deputy Clerk) (Entered: 11/21/1996) |
| 11/12/1996 | 140 | Minute of sentencing held on 11/12/96 before Judge Donald L. Graham as to Donald Kasky ; Court Reporter Name or Tape #: Barbara Medina (Former Deputy Clerk) (Entered: 11/18/1996) |
| 11/07/1996 | 137 | Minute of sentencing held on 11/7/96 before Judge Donald L. Graham as to Donald Kasky ;, reset Sentencing for 9:30 11/12/96 for Donald Kasky before Judge Donald L. Graham Court Reporter Name or Tape #: Barbara Medina (Former Deputy Clerk) (Entered: 11/18/1996) |
| | | |

| 10/31/1996 | 132 | ORDER as to Donald Kasky granting [125-1] motion to continue sentencing, Sentencing reset for 3:30 11/7/96 before Judge Donald L. Graham ( Signed by Judge Shelby Highsmith on 10/31/96 for Judge Donald L. Graham) CCAP (sl, Deputy Clerk) (Entered: 11/12/1996) |
| --- | --- | --- |
| 10/15/1996 | 125 | MOTION by Donald Kasky to continue sentencing (sl, Deputy Clerk) (Entered: 10/23/1996) |
| 09/25/1996 | 121 | NOTICE of Hearing set Sentencing for 3:00 10/18/96 for Donald Kasky, for Eddie Ibanez before Judge Donald L. Graham (cp, Deputy Clerk) (Entered: 10/02/1996) |
| 09/17/1996 | 120 | ORDER granting sealed motion to reconsider order denying motion to continue sentencing as to Donald Kasky, Jorge Eddie Ibanez Sentencing reset for 2:30 9/30/96 before Judge Donald L. Graham ( Signed by Judge Donald L. Graham on 9/17/96) CCAP (sl, Deputy Clerk) (Entered: 09/23/1996) |
| 06/28/1996 | 93 | NOTICE of Hearing as to Donald Kasky :, Sentencing set for 4:30 9/13/96 for before Judge Donald L. Graham (sl, Deputy Clerk) (Entered: 07/08/1996) |
| 06/28/1996 | 92 | Plea Agreement as to Donald Kasky (sl, Deputy Clerk) (Entered: 07/08/1996) |
| 06/28/1996 |  | Change of Plea Hearing as to Donald Kasky held (sl, Deputy Clerk) (Entered: 07/08/1996) |
| 06/28/1996 | 91 | Minutes of change of plea held on 6/28/96 before Judge Donald L. Graham as to Donald Kasky ;, GUILTY: count(s) 2 Court Reporter Name or Tape #: Barbara Medina (sl, Deputy Clerk) (Entered: 07/08/1996) |
| 06/10/1996 | 88 | ORDER granting [78-1] Joint motion to continue trial as to Castor Quintaires Gonzalez (1), reset scheduling order deadlines: Calendar Call for 6/24/96 for Castor |

| | | Quintaires Gonzalez, for Donald Kasky, for Myrna Gonzalez, for Jorge Eddie Ibanez ; Jury Trial for 3:00 6/19/96 for Castor Quintaires Gonzalez, for Donald Kasky, for Myrna Gonzalez, for Jorge Eddie Ibanez ; , to Continue in Interest of Justice ( Signed by Judge Donald L. Graham on 6/10/96) CCAP (Former Deputy Clerk) (Entered: 06/24/1996) |
|------------|-----|-----------------------------------------------------------|
| 05/07/1996 | 85 | ARREST WARRANT Returned Executed as to Donald Kasky on 2/27/96 (Former Deputy Clerk) (Entered: 05/13/1996) |
| 04/10/1996 | 76 | SECOND supplemental RESPONSE to Standing Discovery Order by USA as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (sl, Deputy Clerk) (Entered: 04/22/1996) |
| 03/22/1996 | 75 | RESPONSE to Standing Discovery Order by USA as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (lk, Deputy Clerk) (Entered: 04/08/1996) |
| 03/21/1996 | 71 | SCHEDULING ORDER setting Calendar Call for 3:00 4/24/96 for Castor Gonzalez, for Donald Kasky, for Myrna Gonzalez, for Edith Torres, for Jorge Eddie Ibanez ; Jury Trial for 9:00 for Castor Quintaires Gonzalez, for Donald Kasky, for Myrna Gonzalez, for Edith Torres, for Jorge Eddie Ibanez ; before Judge Donald L. Graham ( Signed by Judge Donald L. Graham on 3/21/96) CCAP (Former Deputy Clerk) (Entered: 03/27/1996) |
| 03/08/1996 | 63 | CJA 20 as to Donald Kasky : Appointment of Attorney Ruben Maurice Garcia Voucher # 0619260 ( Signed by Magistrate Ann E. Vitunac on 3/8/96, nunc pro tunc, 2/28/96) (sl, Deputy Clerk) (Entered: 03/15/1996) |

| 03/06/1996 | 62 | NOTICE of unavailability by Donald Kasky (sl, Deputy Clerk) (Entered: 03/12/1996) |
|---|---|---|
| 03/04/1996 | 61 | STANDING DISCOVERY ORDER as to Donald Kasky Motion filing deadline set for 4/1/96 ( Signed by Magistrate Ann E. Vitunac on 3/1/96) Tape # not listed CCAP (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 03/04/1996 | 60 | ORDER re: status conference, speedy trial, pretrial matters as to Donald Kasky ( Signed by Magistrate Ann E. Vitunac on 3/1/96) CCAP (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 03/04/1996 | | PLEA entered by Donald Kasky . Court accepts plea. NOT GUILTY: count(s) 2, 3, 4, 5, 7, 29 (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 03/04/1996 | 59 | ARRAIGNMENT INFORMATION SHEET for Donald Kasky (3) count(s) 2, 3, 4, 5, 7, 29 (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 03/01/1996 | 58 | Minutes of initial hearing/arraignment held on 2/28/96 before Magistrate Ann E. Vitunac as to Donald Kasky ; Court Reporter Name or Tape #: Elizabeth Schille w/Besoner (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 03/01/1996 | 57 | Minutes of arraignment and pretrial detention hearing held on 3/1/896 before Magistrate Ann E. Vitunac as to Donald Kasky ; Court Reporter Name or Tape #: AEV 96-06/790 (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 03/01/1996 | 56 | ORDER OF DETENTION as to Donald Kasky; defendant found to be a risk of flight and a danger to the community and ordered detained pending trial ( Signed by Magistrate Ann E. Vitunac on 3/1/96) CCAP/M (sl, Deputy Clerk) (Entered: 03/11/1996) |
| 02/29/1996 | 49 | REPORT Commencing Criminal Action as to Donald Kasky DOB: 7/20/48 Prisoner # 40615-004 (sl, |

| | | |
|---|---|---|
| | | Deputy Clerk) (Entered: 03/06/1996) |
| 02/26/1996 | 45 | ORDER on Initial Appearance as to Donald Kasky Bond set to temporary pretrial detention. Arraignment and Detention hearing set for 9:30 3/1/96 before Duty Magistrate, , ( Signed by Magistrate Ann E. Vitunac on 2/28/96) Tape # cert reporter CCAP (sl, Deputy Clerk) (Entered: 03/06/1996) |
| 02/26/1996 | 41 | RESPONSE to Standing Discovery Order by USA as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (sl, Deputy Clerk) (Entered: 03/05/1996) |
| 02/16/1996 | 54 | SEALED DOCUMENT as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (sl, Deputy Clerk) (Entered: 03/06/1996) |
| 02/16/1996 | 53 | SEALED DOCUMENT as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (sl, Deputy Clerk) (Entered: 03/06/1996) |
| 02/15/1996 | 15 | ARREST WARRANT issued as to Donald Kasky Warrant issued by Magistrate Barry S. Seltzer Bail fixed at PTD (Former Deputy Clerk) (Entered: 02/23/1996) |
| 02/15/1996 | | Magistrate identification: Magistrate Judge Ted E. Bandstra (Former Deputy Clerk) (Entered: 02/23/1996) |
| 02/15/1996 | 13 | INDICTMENT as to Castor Quintaires Gonzalez (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15-26, 27, 28, 29, Miguel Huberty Pinzon (2) count(s) 2, 3, 4, 5, 6, 7, 14, 29, Donald Kasky (3) count(s) 2, 3, 4, 5, 7, 29, Myrna Gonzalez (4) count(s) 2, 3, 4, 5, 16-26, 27, 28, 29, Edith Torres (5) count(s) 2, 3, 4, 5, 29, Jorge Eddie Ibanez (6) count(s) 2, 3, 4, 5, 29 (Criminal |

| | | |
|---|---|---|
| | | Category 5) (Preliminary Examination cancelled.) (Former Deputy Clerk) (Entered: 02/23/1996) |
| 02/08/1996 | 52 | SEALED DOCUMENT as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (sl, Deputy Clerk) (Entered: 03/06/1996) |
| 02/08/1996 | 51 | SEALED DOCUMENT as to Castor Quintaires Gonzalez, Miguel Huberty Pinzon, Donald Kasky, Myrna Gonzalez, Edith Torres, Jorge Eddie Ibanez (sl, Deputy Clerk) (Entered: 03/06/1996) |

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

By _Tammy Blakely_
                    Deputy Clerk
Date _1/24/2008_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | **96-6021** |
| v. ) | NO. |
| CASTOR QUINTAIRES GONZALEZ, ) | 21 U.S.C. § 963 |
| a/k/a "El Ronco," ) | 21 U.S.C. § 952(a) |
| MIGUEL HUBERTY PINZON, ) | 21 U.S.C. § 841(a)(1) |
| a/k/a "Juancho," ) | 21 U.S.C. § 846 |
| DONALD KASKY, ) | 21 U.S.C. § 848 |
| MYRNA GONZALEZ, ) | 21 U.S.C. § 853 |
| a/k/a "Esther Mendez," ) | 18 U.S.C. § 371 |
| a/k/a "Myrna Riera Valasquez," ) | 18 U.S.C. § 982(a)(1) |
| EDITH TORRES, ) | 18 U.S.C. § 1510(a) |
| a/k/a "Edith Cruz" ) | 18 U.S.C. § 1956 |
| and ) | 18 U.S.C. § 2 |
| JORGE "EDDIE" IBANEZ, ) | |
| Defendants. ) | **INDICTMENT** |

The Grand Jury charges that:

### COUNT I.

From at least as early as 1979, the exact date being unknown
to the Grand Jury and continuing up to on or about April 1993, in
Broward, Monroe and Dade, in the Southern District of Florida and
elsewhere, the defendant,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco,"**

unlawfully, willfully, knowingly and intentionally did engage in a
continuing criminal enterprise in that he did violate Title 21,
United States Code, Sections 952(a), 963, 841(a)(1) and 846, which
violations were part of a continuing series of violations of said

statutes undertaken by said defendant in concert with at least five other persons, with respect to whom the defendant occupied a position of organizer, supervisor, or manager as alleged in Counts II through V and VIII through XIII of this indictment, which Counts are incorporated herein by reference, and from which continuing series of violations the defendant obtained substantial income and resources.

## PREDICATE ACTS

The following paragraphs constitute predicate acts one or more of which were committed by defendant **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** which acts, among others, were a part of a continuing criminal enterprise and are in addition to those set forth in Counts II through V and VIII through XIII of this indictment:

1.   Between January 1979 and January 1985, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States on a monthly basis, from the Bahamas, a Schedule I controlled substance, that is, marijuana, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

2.   From on or about June 1, 1985, to on or about June 4, 1985, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Nassau, Bahamas, a Schedule I controlled substance, that is, marijuana, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

2

3.    From on or about September 1, 1985, to on or about November 2, 1985, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Bimini, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

4.    In or about August 1986, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

5.    From on or about September 15, 1986, to on or about October 15, 1986, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

6.    From on or about November 1, 1986, to on or about November 15, 1986, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Bimini, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

7.   From on or about December 1, 1986, to on or about December 31, 1986, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Bimini, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

8.   From on or about January 1, 1987, to on or about January 31, 1987, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Bimini, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

9.   From on or about February 1, 1987, to on or about February 28, 1987, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Bimini, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

10.   From on or about March 20, 1987, to on or about April 15, 1987, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from

Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

11.  From on or about May 1, 1987, to on or about May 31, 1987, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Bimini, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

12.  From on or about June 1, 1987, to on or about June 30, 1987, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

13.  From on or about November 1, 1987, to on or about November 30, 1987, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

14.  From on or about November 1, 1988, to on or about

December 31, 1988, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a**
**"El Ronco,"** did knowingly and intentionally import into the United
States, from Eleuthra, Bahamas, a Schedule II controlled substance,
that is, a mixture and substance containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Section
952(a), and Title 18, United States Code, Section 2.

15.   From on or about June 1, 1989, to on or about June 30,
1989, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"**
did knowingly and intentionally import into the United States, from
Eleuthra, Bahamas, a Schedule II controlled substance, that is, a
mixture and substance containing a detectable amount of cocaine, in
violation of Title 21, United States Code, Section 952(a), and
Title 18, United States Code, Section 2.

16.   From on or about January 1, 1990, to on or about January
31, 1990, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El**
**Ronco,"** did knowingly and intentionally import into the United
States, from Eleuthra, Bahamas, a Schedule II controlled substance,
that is, a mixture and substance containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Section
952(a), and Title 18, United States Code, Section 2.

17.   From on or about July 1, 1990, to on or about July 31,
1990, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"**
did knowingly and intentionally import into the United States, from
Eleuthra, Bahamas, a Schedule II controlled substance, that is, a
mixture and substance containing a detectable amount of cocaine, in
violation of Title 21, United States Code, Section 952(a), and

Title 18, United States Code, Section 2.

18. From on or about September 1, 1990, to on or about September 30, 1990, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

19. From on or about November 1, 1990, to on or about December 31, 1990, the defendant, **CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco,"** did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

All in violation of Title 21, United States Code, Section 848.

### COUNT II.

From at least as early as 1979, the exact date being unknown to the Grand Jury and continuing up to in or about March 1993, in Broward, Monroe and Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco,"**
**MIGUEL HUBERTY PINZON,**
**a/k/a "Juancho,"**
**DONALD KASKY,**
**MYRNA GONZALEZ,**
**a/k/a "Esther Mendez,"**
**a/k/a "Myrna Riera Valasquez,"**
**EDITH TORRES,**

7

a/k/a "Edith Cruz"
and
JORGE "EDDIE" IBANEZ,

did knowingly and intentionally combine, conspire, confederate and

agree with each other and with persons unknown to the Grand Jury to

import into the United States, from a place outside thereof,

Schedule I and Schedule II controlled substances, that is,

marijuana and cocaine, respectively, in violation of Title 21,

United States Code, Section 952(a); all in violation of Title 21,

United States Code, Section 963.

## COUNT III.

From at least as early as 1979, the exact date being unknown

to the Grand Jury and continuing up to on or about March 1993, in

Broward, Monroe and Dade Counties, in the Southern District of

Florida, and elsewhere, the defendants,

CASTOR QUINTAIRES GONZALEZ,
a/k/a "El Ronco,"
MIGUEL HUBERTY PINZON,
a/k/a "Juancho,"
DONALD KASKY,
MYRNA GONZALEZ,
a/k/a "Esther Mendez,"
a/k/a "Myrna Riera Valasquez,"
EDITH TORRES,
a/k/a "Edith Cruz"
and
JORGE "EDDIE" IBANEZ,

did knowingly and intentionally combine, conspire, confederate and

agree with each other and with persons unknown to the Grand Jury to

possess with intent to distribute Schedule I and Schedule II

controlled substances, that is, marijuana and cocaine,

respectively, in violation of Title 21, United States Code, Section

8

841(a)(1); all in violation of Title 21, United States Code, Section 846.

### COUNT IV.

From on or about January 1, 1991, to on or about February 20, 1991, in Broward County, in the Southern District of Florida, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
a/k/a "El Ronco,"
**MIGUEL HUBERTY PINZON,**
a/k/a "Juancho,"
**DONALD KASKY,**
**MYRNA GONZALEZ,**
a/k/a "Esther Mendez,"
a/k/a "Myrna Riera Valasquez,"
**EDITH TORRES,**
a/k/a "Edith Cruz"
and
**JORGE "EDDIE" IBANEZ,**

did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

### COUNT V.

From on or about January 1, 1991, to on or about February 20, 1991, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
a/k/a "El Ronco,"
**MIGUEL HUBERTY PINZON,**
a/k/a "Juancho,"
**DONALD KASKY,**
**MYRNA GONZALEZ,**
a/k/a "Esther Mendez,"
a/k/a "Myrna Riera Valasquez,"

**EDITH TORRES,**
**a/k/a "Edith Cruz"**
**and**
**JORGE "EDDIE" IBANEZ,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT VI.

In or about February 1991, in Broward and Dade Counties, in the Southern District of Florida, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco"**
**and**
**MIGUEL HUBERTY PINZON,**
**a/k/a "Juancho,"**

by means of bribery, did willfully endeavor to obstruct or prevent Rene Alvarez and Jorge Castillo from communicating information relating to a violation of a federal criminal statute of the United States to criminal investigators with the United States Customs Service by paying Rene Alvarez and Jorge Castillo $20,000 each to flee the United States, in violation of Title 18, United States Code, Sections 1510(a) and 2.

### COUNT VII.

In or about February 1991, in Dade and Broward Counties, in the Southern District of Florida, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco,"**
**MIGUEL HUBERTY PINZON,**
**a/k/a "Juancho"**

10

**and
DONALD KASKY,**

by means of bribery, did willfully endeavor to obstruct or prevent

Donald Kasky from communicating information relating to a violation

of a federal criminal statute of the United States to criminal

investigators with the United States Customs Service by paying him

$27,000 to flee the United States, in violation of Title 18, United

States Code, Sections 1510(a) and 2.

### COUNT VIII.

From on or about March 1, 1992, to on or about March 31, 1992,

the defendant,

**CASTOR QUINTAIRES GONZALEZ,
a/k/a "El Ronco,"**

did knowingly and intentionally possess with intent to distribute

a Schedule II controlled substance, that is, a mixture and

substance containing a detectable amount of cocaine, in violation

of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

### COUNT IX.

From on or about March 1, 1992, to on or about March 31, 1992,

the defendant,

**CASTOR QUINTAIRES GONZALEZ,
a/k/a "El Ronco,"**

did knowingly and intentionally import into the United States, from

Eleuthra, Bahamas, a Schedule II controlled substance, that is, a

mixture and substance containing a detectable amount of cocaine, in

violation of Title 21, United States Code, Section 952(a), and

11

Title 18, United States Code, Section 2.

## COUNT X.

From on or about March 2, 1992, to on or about March 31, 1992, the defendant,

### CASTOR QUINTAIRES GONZALEZ,
### a/k/a "El Ronco,"

did knowingly and intentionally attempt to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); in violation of Title 21, United States Code, Section 963; in violation of Title 18, United States Code, Section 2.

## COUNT XI.

From on or about May 1, 1992, to on or about May 6, 1992, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### CASTOR QUINTAIRES GONZALEZ,
### a/k/a "El Ronco,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT XII.

From on or about May 1, 1992, to on or about May 6, 1992, the defendant,

12

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco,"**

did knowingly and intentionally import into the United States, from Eleuthra, Bahamas, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.

## COUNT XIII.

From on or about January 1, 1993, to on or about March 31, 1993, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco,"**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT XIV.

In or about April 1993, in Dade and Broward Counties, in the Southern District of Florida, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco"**
**and**
**MIGUEL HUBERTY PINZON,**
**a/k/a "Juancho,"**

by means of bribery, did willfully endeavor to obstruct or prevent Julio Ibanez from communicating information relating to a violation of a federal criminal statute of the United States to criminal

13

investigators with the United States Customs Service by offering to pay a portion of Julio Ibanez's attorney's fees, in violation of Title 18, United States Code, Sections 1510(a) and 2.

### COUNT XV.

In or about April 1993, in the Southern District of Florida and elsewhere, the defendant,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco,"**

did knowingly conduct and attempt to conduct a financial transaction, that is, the payment of $100,000 cash in attorney's fees, which involved the proceeds of specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, and that while conducting or attempting to conduct such financial transaction, the defendant knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT XVI.

1.   Counts I through XV of the Indictment are hereby realleged and incorporated as if fully set forth herein.

2.   On or about the dates set forth below, in the Southern District of Florida and elsewhere, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco"**
**and**
**MYRNA GONZALEZ,**
**a/k/a "Esther Mendez,"**
**a/k/a "Myrna Riera Valasquez,"**

14

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with other persons both known and unknown, to commit an offense against the United States, that is, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

3.    It was part of the conspiracy that the defendant, CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco," and others both known and unknown, purchased boats used to smuggle narcotics with currency earned from the sale of cocaine.

4.    It was part of the conspiracy that the defendant, CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco," and others both known and unknown, would create and cause to be created false documentation to disguise the ownership of the boats.

5.    It was further part of the conspiracy that the defendant, MYRNA GONZALEZ, a/k/a "Esther Mendez," a/k/a "Myrna Riera Valasquez," and others both known and unknown, counted currency earned from the sale of cocaine.

6.    It was part of the conspiracy that the defendant, CASTOR QUINTAIRES GONZALEZ, a/k/a "El Ronco," and others both known and unknown, would give currency earned from the sale of cocaine to persons known and unknown to the grand jury in exchange for personal checks payable to "Castor Gonzalez."

7.    It was further part of the conspiracy that the defendant, MYRNA GONZALEZ, a/k/a "Esther Mendez," a/k/a "Myrna Riera

Valasquez" and others both known and unknown, deposited  the
aforementioned checks payable to "Castor Gonzalez" into a checking
account in order to make it appear that the defendant, CASTOR
QUINTAIRES GONZALEZ, a/k/a "El Ronco," engaged in legitimate
business activities.

<u>OVERT ACTS</u>

In furtherance of this conspiracy and to effect the objects
thereof, there was committed by at least one of the coconspirators,
in the Southern District of Florida and elsewhere, at least one of
the following overt acts, among others:

| OVERT ACT | APPROXIMATE DATE OF TRANSACTION | APPROXIMATE AMOUNT OF TRANSACTION |
|---|---|---|
| a. | 10/31/88 | $ 40,000 |
| b. | 11/02/88 | $ 40,000 |
| c. | 11/02/88 | $ 40,000 |
| d. | 11/02/88 | $ 50,000 |
| e. | 03/28/90 | $ 25,000 |
| f. | 05/31/90 | $  4,000 |
| g. | 11/20/90 | $  6,500 |
| h. | 11/20/90 | $  6,312 |
| i. | 01/29/91 | $  3,983.50 |
| j. | 01/29/91 | $  4,016.50 |
| k. | 05/16/91 | $  2,400 |
| l. | 10/15/91 | $  2,700 |
| m. | 10/15/91 | $  3,400 |
| n. | 10/17/91 | $  2,300 |

16

All in violation of Title 18, United States Code, Section 371, and Title 18, United States Code, Section 2.

### COUNTS XVII through XXVI.

1.    Counts I through XVI of the Indictment are hereby realleged and incorporated as if fully set forth herein.

2.    On or about the dates set forth below, in the Southern District of Florida and elsewhere, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco"**
**and**
**MYRNA GONZALEZ,**
**a/k/a "Esther Mendez,"**
**a/k/a "Myrna Riera Valasquez,"**

did knowingly conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, that is, narcotics trafficking, with the intent to conceal and disguise the nature, location, source, ownership and control, of the proceeds of specified unlawful activity:

| COUNT | APPROXIMATE DATE OF TRANSACTION | APPROXIMATE AMOUNT OF TRANSACTION |
|-------|--------------------------------|-----------------------------------|
| XVII. | 03/28/90 | $ 25,000 |
| XVIII. | 05/31/90 | $  4,000 |
| XIX. | 11/20/90 | $  6,500 |
| X. | 11/20/90 | $  6,312 |
| XXI. | 01/29/91 | $  3,983.50 |
| XXII. | 01/29/91 | $  4,016.50 |
| XXIII. | 05/16/91 | $  2,400 |
| XXIV. | 10/15/91 | $  2,700 |
| XXV. | 10/15/91 | $  3,400 |

| COUNT | APPROXIMATE DATE OF TRANSACTION | APPROXIMATE AMOUNT OF TRANSACTION |
|-------|------------------|--------------------|
| XXVI. | 10/17/91 | $  2,300 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and Title 18, United States Code, Section 2.

### COUNT XXVII.

On or about December 9, 1993, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco"**
**and**
**MYRNA GONZALEZ,**
**a/k/a "Esther Mendez,"**
**a/k/a "Myrna Riera Valasquez,"**

did knowingly engage and attempt to engage in a monetary transaction, that is, the transfer of certain real property located at and commonly known as 2861 N.E. 8th Court, Pompano Beach, Florida, such property having been derived from a specified unlawful activity, to wit, possession with intent to distribute a Schedule II controlled substance, that is, cocaine, in violation of Title 21, United States Code, Section 841(a)(1), with the intent to conceal and disguise the nature, location, source, ownership and control, of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

18

## FORFEITURE
## COUNT XXVIII

1.    Counts I through XXVII (pages 1 through 19) of this Indictment are hereby incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.    Upon conviction of the Title 18, United States Code, Section 1956 felony offenses alleged in Counts XV through XXVII of this Indictment, pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America is entitled to forfeiture of, and the defendants,

**CASTOR QUINTAIRES GONZALEZ,**
**a/k/a "El Ronco," and**
**MYRNA GONZALEZ,**
**a/k/a "Esther Mendez,"**
**a/k/a "Myrna Riera Valasquez,"**

or either of them, shall forfeit to the United States of America, the following:

A.    <u>Involved Properties</u>.    Any property, real or personal, involved in any of the offenses described in the Indictment, or any property traceable to such property, including but not limited to the properties described in Attachment I hereto.

B.    <u>Substitute Assets</u>.  If any of the property described above, as a result of any act or omission of the Defendants or any of them (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party: (3) has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or (5) has been

19

commingled with other property which cannot be divided without difficulty, then pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)(A), to the extent necessary to effectuate the forfeitures contemplated in this Count, the United States of America intends to obtain an order of forfeiture of any other property of the Defendants up to the value of any property described in this Count which is unavailable for the reasons set forth in this paragraph.

## COUNT XXIX.

1.    Counts I through V, and VIII through XIII, inclusive, of this Indictment are hereby incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.    Upon conviction of the Title 21 felony offenses alleged in Counts I through XXVI of this Indictment, pursuant to Title 21, United States Code, Section 853, the United States of America is entitled to forfeiture of, and the defendants,

> **CASTOR QUINTAIRES GONZALEZ,**
> a/k/a "El Ronco,"
> **MIGUEL HUBERTY PINZON,**
> a/k/a "Juancho,"
> **DONALD KASKY,**
> **MYRNA GONZALEZ,**
> a/k/a "Esther Mendez,"
> a/k/a "Myrna Riera Valasquez,"
> **EDITH TORRES,**
> a/k/a "Edith Cruz"
> **and**
> **JORGE "EDDIE" IBANEZ,**

or any of them, shall forfeit to the United States of America, the following:

20

A.    Proceeds.    Any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the Title 21 offense described in this Indictment, including but not limited to the properties described in Attachment I hereto.

B.    Facilitating Property.    Any of the Defendants' property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, any Title 21 offense described in this Indictment, including but not limited to the properties described in Attachment I hereto.

C.    Source of Influence Property.    Any Defendant convicted of engaging in a Continuing Criminal Enterprise shall forfeit any of his/her interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to any interest in the properties described in Attachment I hereto.

D.    Substitute Assets.    If any of the property described above, as a result of any act or omission of the Defendants or any of them (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party: (3) has been placed beyond the jurisdiction of the court; (has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then pursuant to Title 21, United States Code, Section 853(p), to the extent necessary to effectuate the forfeitures contemplated in this Count, the United States of America intends to

21

obtain an order of forfeiture of any other property of the Defendants up to the value of any property described in this Count which is unavailable for the reasons set forth in this paragraph.

A TRUE BILL

KENDALL COFFEY
UNITED STATES ATTORNEY

ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

TERRENCE C. AYALA
ASSISTANT UNITED STATES ATTORNEY

22

## ATTACHMENT I

The following are some (but not necessarily all) of the properties for which the United States seeks forfeiture pursuant to the terms of the attached Indictment:

**Title 18, United States Code, § 982(a)(1) Properties ("Money Laundering Properties"):**

(1.) Approximately One Million Dollars ($1,000,000.00) in U.S. Currency, or any part thereof.

(2.) Certain Real property located within Dade or Broward Counties, Florida, title to which is in the name of a Defendant, including, but not limited, to the following:

a. That certain real property located at and commonly known as **2861 N.E. 8th Court, Pompano Beach, Florida**, more particularly described as:

Lot 13, Block 16, of HARBOR VILLAGE SECTION F, according to the Plat thereof, as recorded in Plat Book 43, at Page 15 of the Public Records of Broward County, Florida.

b. That certain real property located at and commonly known as **4465 SW 38 Terrace, Fort Lauderdale, Florida**, more particularly described as:

Lot 18 of DAVIS ISLES SECTION 4, A Subdivision according to the Plat thereof as recorded in Plat Book 41, at Page 50 of the Public Records of Broward County, Florida together with 1/20th interest in and to that certain waterway or canal designated "canal" which canal is hereby identified as the westerly canal as shown on the Plat of Davis Isles Section 4 according to the Plat Book 41 at Page 50.

(3.) Account Number 0793006160906 at SunTrust of Miami, NA, in Miami, Florida, in the name of CASTOR GONZALEZ or MYRNA E. GONZALEZ, and the contents of that account, together with any future deposits thereto or interest thereon.

(4.) Account Number 610-821294-2 at Great Western Bank, FSB, in Plantation, Florida, in the names of MYRNA ESTHER GONZALEZ, and the contents of that account, together with any future deposits thereto or interest thereon.

(5.) Account Number 14000555 at Ponce De Leon Federal, Coral Gables, Florida, in the names of CARAMA CORPORATION, and the contents of that account, together with any future deposits thereto or interest thereon.

(6.) Any other account at a financial institution in the names of the following persons:

a. Castor Gonzalez, a/k/a "El Ronco," a/k/a "Mario Fernandez"
b. Myrna Gonzalez, a/k/a "Esther Mendez," a/k/a "Esther Riera," a/k/a "Esther Torres," a/k/a "Myrna Riera," a/k/a "Myrna E. Gonzalez," a/k/a "Myrna Esther Gonzalez"
c. CARAMA CORPORATION, a Florida Corporation

23

d.   CASMYR, INC., a Florida Corporation
e.   RYMASI, INC., a Florida Corporation
f.   RYMASI Two, Inc., a Florida Corporation
g.   Somica Music Company, a Florida Corporation
h.   CMG Productions, Inc., a Florida Corporation

together with the contents of such accounts, and any future deposits thereto or interest thereon.

(7.)  The following corporations, together with any and all property held in the names thereof:

a.   CARAMA CORPORATION,  a Florida Corporation
b.   CASMYR, INC., a Florida Corporation
c.   RYMASI, INC., a Florida Corporation
d.   RYMASI Two, Inc., a Florida Corporation
e.   Somica Music Company, a Florida Corporation
f.   CMG Productions, Inc., a Florida Corporation

(8.)  One 29 Foot Carrera Vessel, Hull No. XCS30039J889, Florida Registration No. FL6048GE, Florida Title No. 1440517, Registered in the name of CASTOR GONZALEZ, and docked at Giannone Marine, 800 S. Federal Highway, Pompano Beach, Florida, and/or any proceeds from the sale thereof.

**Title 21 Forfeiture Properties ("Title 21 Properties"):**

All Money Laundering Properties, along with the following:

(1.)  Approximately Two Hundred Eighty Six Million, Six Hundred Forty Thousand, Five Hundred Dollars ($286,640,500.00) in U.S. Currency, or any part thereof, in that such sum in aggregate was received in exchange for the distribution of controlled substances or is traceable thereto.

24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

v.

CASTOR QUINTAIRES GONZALEZ, et al    CERTIFICATE OF TRIAL ATTORNEY
_____

I do hereby certify:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  This case will take 90 days for the parties to try.

4.  Please check appropriate category and type of offense listed below:

| (Check only one) | | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | | ____ |
| II | 6 to 10 days | ____ | Minor | | ____ |
| III | 11 to 20 days | ____ | Misdem. | | ____ |
| IV | 21 to 60 days | ____ | Felony | | X |
| V | 61 days and over | X | | | |

5.  Has this case been previously filed in this District Court? NO (Yes or No)  If yes:

Judge: _____  Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?  Yes  (Yes or No)
If yes:

Magistrate Case No. ___96-4028-Snow_____

Related Miscellaneous numbers: _____

6.  This case originated in the U.S. Attorney's office prior to August 16, 1985 NO (Yes or No).

_Roger W. Powell_
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 341411

REV. 12/01/94

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name: ___CASTOR GONZALEZ___ Case No._____

Count #1 - CONTINUING CRIMINAL ENTERPRISE

Title 21, United States Code, Section 848

Max. Penalty:  Life Imprisonment; and a $2,000,000 fine

Count #2 -  CONSPIRACY TO IMPORT COCAINE

Title 21, United States Code, Sections 952 and 963

Max. Penalty: Life Imprisonment; and a $4,000,000 fine

Count #3 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

Title 21, United States Code, Sections 841 and 846

Max. Penalty: Life Imprisonment, and a $4,000,000 fine

Counts #4, 9, 10, 12, - IMPORTATION OF COCAINE

Title 21, United States Code, Section 952

Max. Penalty: Life Imprisonment, and a $4,000,000 fine

Counts #5, 8, 11, 13, - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

Title 21, United States Code, Section 841

Max. Penalty: Life Imprisonment, and a $4,000,000 fine

Counts #6, 7, 14 - OBSTRUCTION OF CRIMINAL INVESTIGATION

Title 18, United States Code, Section 1510(a)

Max. Penalty: 5 Years Imprisonment; $250,000 Fine

Page 1 of 2

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name:  ___CASTOR GONZALEZ___    Case No._____

| Count #16  -  CONSPIRACY TO MONEY LAUNDER DRUG PROCEEDS |
|---|
| Title 18, United States Code, Sections 371 and 1956 |
| Max. Penalty:  5 years; and a $250,000 fine |

| - MONEY LAUNDERING<br>Counts #15, 17, 18, 19, 20, 21, 22, 23, 24 25, 26, 27 |
|---|
| Title 18, United States Code, Section 1956 |
| Max. Penalty: 10 years imprisonment; $5 million dollars |

Count #

Max. Penalty:

Count #

Max. Penalty:

Count #

Max. Penalty:

Count #

Max. Penalty:

Page 2 of 2

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequences including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name:    MIGUEL PINZON    Case No._____

---

Count #2 -  CONSPIRACY TO IMPORT COCAINE

Title 21, United States Code, Sections 952 and 963

Max. Penalty:  Life Imprisonment; and a $4,000,000 fine

---

Count #3 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

Title 21, United States Code, Sections 841 and 846

Max. Penalty: Life Imprisonment; and a $4,000,000 fine

---

Counts # 4, 9 -  IMPORTATION OF COCAINE

Title 21, United States Code, Section 952

Max. Penalty: Life Imprisonment, and a $4,000,000 fine

---

Count #5 - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

Title 21, United States Code, Section 841

Max. Penalty: Life Imprisonment, and a $4,000,000 fine

---

Counts #6, 7, 14 - OBSTRUCTION OF CRIMINAL INVESTIGATION

Title 18, United States Code, Section 1510(a)

Max. Penalty: 5 Years Imprisonment; $250,000 Fine

---

Counts #

---

Max. Penalty:

---

Page 1 of 1

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitutioin, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name:    DONALD KASKY          Case No._____

| |
|---|
| Count #2 -  CONSPIRACY TO IMPORT COCAINE |
| Title 21, United States Code, Sections 952 and 963 |
| Max. Penalty:  Life Imprisonment; and a $4,000,000 fine |

| |
|---|
| Count #3 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE |
| Title 21, United States Code, Sections 841 and 846 |
| Max. Penalty: Life Imprisonment; and a $4,000,000 fine |

| |
|---|
| Count # 4 -  IMPORTATION OF COCAINE |
| Title 21, United States Code, Section 952 |
| Max. Penalty: Life Imprisonment, and a $4,000,000 fine |

| |
|---|
| Count #5 - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
| Title 21, United States Code, Section 841 |
| Max. Penalty: Life Imprisonment, and a $4,000,000 fine |

| |
|---|
| Counts #7 - OBSTRUCTION OF CRIMINAL INVESTIGATION |
| Title 18, United States Code, Section 1510(a) |
| Max. Penalty: 5 Years Imprisonment; $250,000 Fine |

| |
|---|
| Counts # |
| |
| Max. Penalty: |

Page 1 of  1

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name:  __MYRNA GONZALEZ__   Case No._____

Count #2 -  CONSPIRACY TO IMPORT COCAINE

Title 21, United States Code, Sections 952 and 963

Max. Penalty:  Life Imprisonment; and a $4,000,000 fine


Count #3 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

Title 21, United States Code, Sections 841 and 846

Max. Penalty: Life Imprisonment; and a $4,000,000 fine


Count # 4 -  IMPORTATION OF COCAINE

Title 21, United States Code, Section 952

Max. Penalty: Life Imprisonment, and a $4,000,000 fine


Count #5 - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

Title 21, United States Code, Section 841

Max. Penalty: Life Imprisonment, and a $4,000,000 fine


Count #16  -  CONSPIRACY TO MONEY LAUNDER DRUG PROCEEDS

Title 18, United States Code, Sections 371 and 1956

Max. Penalty: 5 Years Imprisonment; $250,000 Fine


- MONEY LAUNDERING
Counts #15, 17, 18, 19, 20, 21, 22, 23, 24 25, 26, 27

Title 18, United States Code, Section 1956

Max. Penalty: 10 years imprisonment; $5 million dollars


Page 1 of 1

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name: ___EDITH TORRES___ Case No._____

| Count #2 - CONSPIRACY TO IMPORT COCAINE |
|---|
| Title 21, United States Code, Sections 952 and 963 |
| Max. Penalty: Life Imprisonment; and a $4,000,000 fine |

| Count #3 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE |
|---|
| Title 21, United States Code, Sections 841 and 846 |
| Max. Penalty: Life Imprisonment; and a $4,000,000 fine |

| Count # 4 - IMPORTATION OF COCAINE |
|---|
| Title 21, United States Code, Section 952 |
| Max. Penalty: Life Imprisonment, and a $4,000,000 fine |

| Count #5 - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
|---|
| Title 21, United States Code, Section 841 |
| Max. Penalty: Life Imprisonment, and a $4,000,000 fine |

| Counts # |
|---|
| Max. Penalty: |

| Counts # |
|---|
| Max. Penalty: |

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET *

Defendant Name:   JORGE "EDDIE" IBANEZ  Case No. _____

| Count #2 -   CONSPIRACY TO IMPORT COCAINE |
|---|
| Title 21, United States Code, Sections 952 and 963 |
| Max. Penalty:  Life Imprisonment; and a $4,000,000 fine |

| Count #3 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE |
|---|
| Title 21, United States Code, Sections 841 and 846 |
| Max. Penalty: Life Imprisonment; and a $4,000,000 fine |

| Count # 4 -   IMPORTATION OF COCAINE |
|---|
| Title 21, United States Code, Section 952 |
| Max. Penalty: Life Imprisonment, and a $4,000,000 fine |

| Count #5 - POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
|---|
| Title 21, United States Code, Section 841 |
| Max. Penalty: Life Imprisonment, and a $4,000,000 fine |

| Counts # |
|---|
| Max. Penalty: |

| Counts # |
|---|
| Max. Penalty: |

Page 1 of  1

*This is merely a preliminary estimate of the maximum possible incarceration. It does not include any other possible consequence including but not limited to fine, special assessment, restitution, special parole, probation, supervised release, etc.

Case 0:96-cr-06021-JAL     Document 13 Attorney's Office Docket 02/23/1996     Page 33 of 34

SOUTHERN DISTRICT OF FLORIDA
**INDICTMENT/INFORMATION/RULE 20 APPROVAL COVER SHEET**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v ) | ) PROMIS USAO NO. _____ |
| ) | ) AUSA  ROGER W. POWELL _____ |
| CASTOR QUINTAIRES GONZALEZ ) | |
| et al. _____ ) | ) AF AUSA (if any) _____ |

CHECK ALL OF THE FOLLOWING WHICH APPLY TO THIS CASE:

 X  Indictment

___  Information

 X  SEALED

___  RULE 20

___  OCDETF - FC/FLS/_____  Operation _____

___  FIRREA Case

___  CORRUPTION Case (Federal/State/Local Official)

___  TRIGGERLOCK Case

___  OTHER (Boiler room case, attorney, doctor, insurance fraud)

___  VICTIM/WITNESS CASE __X_ NO  __ YES (If yes, estimate number)

       VICTIMS:  Persons_____  Banks/Corps._____  WITNESSES:  100

---

Reactive Case  ___

Prosecution Memorandum Attached:  _X_ Yes  ____ Not Required

Asset Forfeiture Count:  _X_ Yes  ____ No,(With concurrence of A/F AUSA)  __ N/A

Arrest Warrant(s) Attached X___ Yes  _ Not Required

Press Release Attached:  _X_ Yes  __ Not Required

               _X_ Yes-But SEALED-DO NOT RELEASE UNTIL AUTHORIZED

---

Date and Time of Presentation:  Frbruary 15, 1996, 1PM

    We have reviewed the attached indictment/information with regard to legal sufficiency and find it will withstand a motion to dismiss for failure to state a crime.

| | |
|---|---|
| Section Deputy Chief | |
| *M. Wallesa* | Date  2/14/96 |
| Section Chief | Date  2-14-96 |
| Chief, Criminal Division/Managing Assistant | Date |
| | |
| Chief Assistant U.S. Attorney (If Required) | Date |
| | |
| United States Attorney (If Required) | Date |

3/18/94)

No. _ FL 03115 _

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of __ FLORIDA

_____ CENTRAL _____ Division

## THE UNITED STATES OF AMERICA

CASTOR QUINTAIRES GONZALEZ,
MIGUEL HUBERTY PINZON,
DONALD KASKY,
MYRNA GONZALEZ,
EDITH TORRES, AND JORGE "EDDIE" IBANEZ

## INDICTMENT

| | |
|---|---|
| 21 USC § 963 | 18 USC§371 |
| 21 USC § 952(a) | 18 USC§982(a)(1) |
| 21 USC § 841(a)(1) | 18 USC§1510(a) |
| 21 USC § 846 | 18 USC§1956 |
| 21 USC § 848 | 18 USC§2 |
| 21 USC § 853 | |

A true bill.

_____
                                    Foreman

Filed in open court this _____

of _____ A.D. 19 _____

                                    _____
                                           Clerk

Bail $ _____

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA

    **v.**

DONALD KASKY,
Reg. No. 40615-004
    Defendant.

Case Number: 96-6021-CR-GRAHAM(03)
Roger Powell, Assistant U. S. Attorney

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

FILED BY _____ D.C.

NOV 19 1996

CARLOS JUENEZ
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The defendant, DONALD KASKY, was represented by Ruben M. Garcia, Esq., 1209 S. E. 3rd Avenue Ft. Lauderdale, FL 33301.

On motion of the United States the court has dismissed any remaining counts.

The defendant pleaded guilty to count(s) 2 of the Indictment. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C §963 | Conspiracy to Import Cocaine | 3/93 | 2 |

As pronounced on November 12, 1996, the defendant is sentenced as provided in pages 2 through 3 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 2 of the Indictment, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 19th day of _November_, 19 96.

DONALD L. GRAHAM
United States District Judge

Certified to be a true and correct copy of the document on file

Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida

By _____
    Deputy Clerk

Date 1/24/2008

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 2 - Imprisonment

Defendant:  DONALD KASKY
Case Number:  96-6021-CR-GRAHAM(03)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of (160) months as to Count Two of the Indictment.

The defendant shall receive credit for time served as applicable by statute.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 3

Defendant:  DONALD KASKY
Case Number:  96-6021-CR-GRAHAM(03)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years as to Count Two of the Indictment.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.   If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.   If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.   The defendant shall not own or possess a firearm or destructive device.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his or her dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.